

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Fred Erisman
Criminal District Attorney
Longview, Texas

Dear Sir:                          Attention:   Mr. Ralph Price

                                   Opinion No. O-3619
                                   Re:   May the State or county in-
                                         stitute condemnation proceed-
                                         ings on land for the purpose
                                         of constructing a highway
                                         when the condemnor has agreed
                                         with the owner of the land
                                         upon the amount of damages to
                                         be paid but cannot agree with
                                         the mineral owners or lease-
                                         holders as to the amount of
                                         damage, if any, that would
                                         accrue to them?

        Your letter of August 14, 1941, requesting an
opinion of this department upon the above stated question
has been received.

        We quote from your letter as follows:

        "May the State or the County institute con-
    demnation proceedings on land for the purpose of
    constructing a highway when the condemnor __has__
    agreed with the __owner__ of the land upon the amount
    of damages to be paid but __cannot__ agree with min-
    eral owners or lease holders as to the amount of
    damage, if any, that would accrue to them?

        "These mineral owners and lease holders will
    not execute right of way deed or releases and it

> would become necessary that condemnation proceedings be instituted to adjudicate their interests, if any, in the land to be condemned, and secure a valid title to the State upon which said highway is to be constructed.
>
> "You will find a brief attached which I trust will be of some assistance to you in arriving at a definite conclusion in this matter."

Article 6674n, Vernon's Annotated Civil Statutes, authorizes any commissioners' court to acquire any land for road, right-of-way purposes, timber, earth, stone, gravel or other materials, necessary or convenient to any road to be constructed, reconstructed, maintained, widened, straightened or lengthened, or land not exceeding one hundred (100) feet in width for stream bed diversion in connection with the locating, relocating, or construction of a designated State highway by the State Highway Commission, the same may be acquired by purchase or condemnation by the county commissioners. This statute further provides that the county in which the state highway is located may pay for the same out of the county road and bridge fund, or any available county fund. This statute further provides that in the event of condemnation by the county the procedure shall be the same as set out in Title 52, Articles 3264 to 3271, inclusive, Revised Civil Statutes of Texas, 1925.

The case of O'Teefe v. Hudspeth County, 25 S. W. (2d) 625, among other things, holds that the commissioners' court condemning land for the State Highway Commission under Article 6674n, supra, does not act in its own behalf for county road purposes. In the case of Cornoch vs. Colorado County, 48 S. W. (2d) 470, it was held that the above mentioned statutes fully authorized the commissioners' court to act for the State in a condemnation proceedings for state highway purposes.

Article 3271, Vernon's Annotated Civil Statutes, a general statute, provides that the interest or right in land, either public or private, that is obtained by condemn-

ation proceedings shall not be so construed as to include the fee simple estate, except where otherwise provided by law. It is stated in Tex. Jur., Vol. 16, p. 82, (referring to this statute, Article 3271) that this enactment is for the enumeration of the general rule, obtaining even in the absence of statute, that condemnation of property for a public use divests its owner of no right further than is necessary for the purpose for which the condemnation was authorized. Under this rule the estate usually acquired in land by condemnation proceedings is what is known as an easement, that is, a right existing in one person to use the land of another for a specific purpose.

However, in this connection, it is to be noted that there is no constitutional inhibition to the contrary and it is clear that the Legislature is fully authorized to provide for the taking of the fee simple title of land by proper condemnation proceedings. This has been done in numerous instances, particularly in respect of the State and its subdivisions and agencies. Thus, the statute authorizing condemnation for State purposes generally indicate that either the fee or a lesser estate may be taken. It seems that condemnation of land by the government for State purposes usually results in the vesting of the entire fee in the government. (Sturgis v. Moore, 35 S. W. 56). So counties and cities condemning land for the construction of sea walls and similar structures may take the fee of the land as the governing authorities thereof shall determine that such step is necessary. Numerous other statutes authorizes cities of various classifications to take the fee title to land when such intention is expressed by the governing bodies thereof. Other state agencies authorized to take the fee of land includes freshwater supply districts, water improvement districts, levy improvement districts, and water control and improvement districts. Some kinds of corporations are also authorized to take the fee, such as corporations created for the purpose of acquiring and operating union bus passenger depots. (Article 6554 Vernon's Annotated Civil Statutes). Other corporations, however, such as railroad companies are expressly denied the right to take the fee, while still others are authorized to take easements only. (For example see Article 7583, Vernon's Annotated Civil Statutes.)

We quote from Texas Jur. Vol. 16, p. 724, as follows:

"Parties defendant to condemnation proceedings should include not only the owner of the land, but also every person who has an interest therein, for it is elementary law that persons not made parties to an action or proceeding are not bound by the judgment rendered therein. Indeed, it seems to be clear that an uncompensated owner of land or of an interest therein may compel a condemnor to settle with him, even though the condemnor has already paid compensation to other persons who were included in the proceedings, unless the claimant has estopped himself in some manner, as by accepting a part of the compensation or by silently acquiescing for a period of years."

It is stated in the succeeding paragraph, Tex. Jur., Vol. 16, p. 726:

"It follows from the general rule stated in the preceding section that the holders of all such rights and interests must be made parties defendant in the proceedings."

We quote further from Tex. Jur., Vol. 16, p. 728:

"The holder of a lien on land sought to be condemned is a proper and necessary party to the proceedings; he is entitled, according to his lien, to the damages awarded and, if they are not paid, he may recover them from the condemnor. So railroad bondholders may be made parties to a proceeding by which the depot grounds of the railroad corporation issuing the bonds are sought to be condemned by other railroads for the purpose of constructing a union depot. While a mortgagee who was not a party to proceedings involving the land burdened by the mortgage may not, before maturity of the mortgage, recover damages from the condemnor on the theory that his security was impaired by the taking of the land, he nevertheless has his remedy; when the mortgage becomes due he may make the condemnor a party to foreclosure proceedings, as being in control or possession of a portion of the land."

It seems to be now settled that condemnation may be resorted to only in the event that the parties have been unable to agree after bona fide efforts have been made by the party assigned to acquire the land. It follows that proceedings brought prior to the making of the effort are void, as being premature. (Malone vs. City of Madisonville, 24 S. W. 483; Watt vs. Studer, 22 S. W. 709; Clements vs. Ft. Worth & D. F. R. I. Co., 7 S. W. (2d) 895.)

In the case of Calvert v. Harris County, 46 S. W. (2d) 375, among other things, it was held that in condemnation proceedings to obtain land for right-of-way purposes, only an easement is acquired, and that such easement is all that the law requires to be paid for, and further that the value of oil in condemned land was not an item of compensation.

In the case of Master Oil Corp. vs. Wilbarger County, et al, 30 S. W. (2d) 438, among other things it was held that the commissioners' court was without jurisdiction or authority to condemn land for a road, without making an effort to reach agreement with land owner regarding compensation. It was further held in this case that a holder of the valid mineral lease and assignment in actual physical possession, operating a producing well and conducting drilling operations was an owner within the highway condemnation statute.

Some of the definitions of the word "owner" as found in Vol. 2, A. L. R. 786, are as follows:

"The word 'owner' is used in statutes relating to condemnation proceedings, may be construed to apply to every person having any interest in the property to be taken. . . It embraces not only the owner of the fee, but a tenant for life, and a lessee for years, and any other person who has an interest in the property which will be affected by the condemnation."

Considering the above mentioned authorities it would appear that the failure to agree on the amount of damages to be paid the owners of the land is the controlling

predicate for instituting condemnation proceedings, therefore, if the owners and the condemnor do agree upon the amount of damages there would be no necessity for bringing the suit. However, lease holders and mineral owners would necessarily be owners upon whom service must be had when their rights, if any, must be adjudicated. When no agreement can be reached with all the owners, it becomes necessary that condemnation be brought to secure proper title to the condemnor including all parties who have an interest in said land. Agreement with one owner does not constitute an agreement with all the owners. However, there is no statute that prohibits the condemnor from acquiring the interest of one or more of the owners and proceeding against the other owners where there is a failure to agree on the amount of compensation and damages due such owner.

In line with the Calvert case, supra, where a lease holder or mineral owner would not be damaged by virtue of such acquired easement, then no award could be made to them and they have suffered no loss. However, if these parties were not given notice of such proceeding and made parties thereto it would naturally appear that the condemnor would not receive a good title.

We thank you for the brief submitted with your inquiry.

Trusting that the foregoing fully answers your inquiry, we are

Yours very truly

ATTORNEY GENERAL OF TEXAS

By Ardell Williams

Ardell Williams
Assistant

AW:lh

APPROVEDAUG 22, 1941

ATTORNEY GENERAL OF TEXAS